UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOEY WESLEY WHEATT, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:18-cv-1938-MHH-JEO |
| ) | |
| JIMMY KILGORE, et al., ) | |
| ) | |
|    Defendants. ) | |

## MEMORANDUM OPINION

On July 26, 2019, the magistrate judge filed a report in which he recommended that the Court grant the defendants' motions for summary judgment. (Doc. 36). The magistrate judge advised the parties of their right to file specific written objections within 14 days. (Doc. 36, pp. 18-19). The Court has not received objections to the report, and the time to file objections has expired.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Having carefully reviewed and considered the materials in the court file, including the report and recommendation and Mr. Wheatt's complaint with the incorporated grievances, and having taken account of the absence of a response to the defendants' motions and the absence of objections to the magistrate judge's report, the Court accepts the magistrate judge's recommendation. The Court observes that there are situations in which the decision to provide only conservative treatment for an extended period, in the face of physical evidence of injury, may create a question of fact regarding a claim of deliberate indifference. *See Davidson v. Corizon, Inc.*, 2015 WL 4173107 (N.D. Ala. July 10, 2015) (denying motion for summary judgment on deliberate indifference claim where defendants treated repeated ear infections with only antibiotics and, for years, delayed diagnostic testing to determine the underlying cause of the infections). Here, the medical defendants treated an ankle that remained swollen for at least one year with ibuprofen or acetaminophen. An x-ray was ordered after Mr. Wheatt filed this lawsuit. Still, the record does not support a claim of deliberate indifference against the medical defendants because the evidence indicates that after the medical defendants ordered diagnostic tests, Mr. Wheatt refused to cooperate in his treatment because he wanted a particular type of treatment. As the magistrate judge explained, a deliberate indifference claim cannot rest on evidence that a medical provider

refused to provide the plaintiff's preferred method of treatment. (Doc. 36, pp. 16-17).

Accordingly, the Court finds that there are no genuine issues of material fact, and the defendants are entitled to judgment as a matter of law. The Court grants the defendants' motions for summary judgment (Docs. 21, 26).

The Court will enter a final judgment.

**DONE** this 10th day of October, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE